UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORTH STREET, LLC                          CIVIL ACTION

VERSUS                                     NO: 08-4604

CLIPPER CONSTRUCTION, LLC                  SECTION: R

**ORDER AND REASONS**

Before the Court is plaintiff's motion to lift a stay this Court imposed pending arbitration. For the following reasons, the Court DENIES the motion.

I.  **BACKGROUND**

This case arises out of the alleged breach of a construction contract containing an arbitration provision. Plaintiff North Street, a Mississippi limited liability company, employed Clipper Construction, a Louisiana limited liability company, to complete repairs and renovations of Camille Village apartment complex in Harrison County, Mississippi following Hurricane Katrina.[1] North Street filed a breach of contract action against Clipper on

---

[1] R. Doc. 19-3.

October 7, 2008.[2] Under the terms of the contract between North Street and Clipper, Clipper sought arbitration.[3]

On January 30, 2009, this Court stayed proceedings pending arbitration.[4] In its motion to lift the stay of federal proceedings, North Street alleges that Clipper is in default of the arbitration because Clipper has obstructed the arbitration proceedings and failed to pay its share of the costs of arbitration.[5] North Street asserts that Clipper's share of the costs currently exceed $47,000.[6] On May 3, 2010, the arbitrator stayed the arbitration proceedings.[7] On June 15, 2010, a status conference was held in the arbitration proceedings setting a

---

[2] R. Doc. 1.

[3] R. Doc. 19-2. The arbitration clause provides that:
> Any Claim arising out of or related to the Contract, except Claims relating to aesthetic effect and except those waived as provided in Sections 4.3.10, 9.10.4 and 9.10.5, shall, after decision by the Architect or 30 days after submission of the Claim to the Architect, be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 4.5.

*Id.*

[4] R. Doc. 12.

[5] R. Doc. 19-5.

[6] R. Doc. 28.

[7] R. Doc. 19-6.

2

hearing date on July 30, 2010, to address, among other things, North Street's motion to dismiss the arbitration proceedings.[8] The hearing was continued and has been set for a future date. North Street now moves to lift the stay of federal proceedings pending arbitration so that it can pursue its claims against Clipper in federal court.[9]

**II. STANDARD**

The Federal Arbitration Act, 9 U.S.C. §§ 1-16,[10] expresses a strong federal policy in favor of enforcing arbitration agreements. *See e.g., Dean Witter Reynolds, Inc v. Byrd*, 470

---

[8] R. Doc. 23.

[9] R. Doc. 19.

[10] The Federal Arbitration Act governs this case because the construction contract expressly contemplates interstate performance in requiring Clipper, a Louisiana LLC, to repair an apartment complex in Mississippi and thus is "a contract evidencing a transaction involving commerce." 9 U.S.C. § 2 (2006); *see also Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 654 (5th Cir. 2000) (explaining that the term "commerce" under the Federal Arbitration Act is to be broadly construed); *Atl. Aviation, Inc. v. EMB Grp., Inc.*, 11 F.3d 1276, 1280 (5th Cir. 1994) (providing that a contract involving performance of contract activities between citizens of different states or involving interstate travel of both personnel and payments involve commerce under the Federal Arbitration Act); *Jones v. Tenet Health Network, Inc.*, No. 96-3107, 1997 U.S. Dist. LEXIS 5037, at *5 (E.D La. Apr. 7, 1997) (providing that an agreement to arbitrate evidences a transaction involving commerce when it involves any contractual activity facilitating or effecting commerce even tangentially).

3

U.S. 213, 217-18 (1985); *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Safer v. Nelson Fin. Group Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). Section 3 of the Act provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Supreme Court has explained that the Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*, 470 U.S. at 218. Further, "any doubts concerning the scope of an arbitration agreement should be resolved in favor of arbitration." *Safer*, 422 F.3d at 294.

A district court may vacate a Section 3 stay when a party defaults in proceeding with arbitration after an initial stay and reference to arbitration. *Sink v. Aden Enters., Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003); *see also Miller v. Aaacon Auto Transport, Inc.*, 545 F.2d 1019, 1020 (5th Cir. 1977) (per curiam)

4

(noting that vacating a stay is proper when the party at fault originally sought the stay); *Kulukundis Shipping Co. v. Amtorg Trading Corp.,* 126 F.2d 978, 989 n.38 (2d Cir. 1942) ("[T]he District Court will be free to vacate [the stay] at any time, should it appear that the defendant is in default in proceeding with the arbitration.").

**III. DISCUSSION**

No one disputes that North Street's claims against Clipper are subject to arbitration. North Street acknowledges that the construction contract contains an arbitration clause providing that "any claim arising out of or related to the contract" is subject to arbitration.[11] The Court finds that North Street's claims arise out of the contract and are within the scope of the arbitration agreement. Thus, the only issue here is whether Clipper is in default in proceeding with arbitration.

North Street contends that Clipper is in default and thus waived its right to arbitration by failing to pay its share of the arbitration costs.[12] A party waives its right to arbitrate

---

[11]   R. Doc. 19-2.

[12]   While courts analyzing 9 U.S.C. § 3 use varying terms such as "default," "waiver" and "forfeiture," these terms all refer to the same general issue of whether through action or inaction a party has forfeited its right to arbitrate. *See*

5

by actively participating in a lawsuit or otherwise taking action inconsistent with arbitral rights. *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 496 (5th Cir. 1986) (citation omitted).

Establishing a waiver requires a "heavy burden" of proof. *See Subway Equip. Leasing Corp. v. Forte*, 169 F.3d 324, 326 (5th Cir. 1999); *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1158 (5th Cir. 1986). Federal policy strongly favors arbitration of disputes. *See e.g., Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217-18 (1985); *Safer v. Nelson Fin. Group Inc.*, 422 F.3d 289, 294 (5th Cir. 2005). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself *or an allegation of waiver, delay, or a like defense to arbitrability*." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983) (emphasis added). Therefore, there is a presumption against a finding a waiver of arbitration. *Lawrence v. Comprehensive Bus. Servs. Co.*, 833 F.2d 1159, 1164 (5th Cir. 1987); *Miller Brewing Co.*, 781 F.2d at 496. The Federal Arbitration Act does not define what it means for a party to be

---

*Planet Beach Franchising Corp. v. Richey*, 623 F. Supp. 2d 735, 738 (E.D. La. 2008).

in default, but the Fifth Circuit has explained that such a determination must be made on the particular facts of each case. *Republic Ins. Co. v. PAICO Receivables LLC*, 383 F.3d 341, 346 (5th Cir. 2004); *Valero Refining, Inc. v. M/T Lauberhorn*, 813 F.2d 60, 65 (5th Cir. 1987).

In *Sink v. Aden Enterprises Inc.*, the United States Court of Appeals for the Ninth Circuit affirmed the district court's order finding the defendant in default in the arbitration proceeding after the defendant failed to pay the costs of arbitration. 352 F.3d 1197, 1201-02 (9th Cir. 2003). In that case, the plaintiff sued his employer for breach of his employment contract, and the district court stayed the case because the employment contract contained an arbitration clause. *Id.* at 1198. The parties agreed that the defendant would pay the costs of arbitration by a certain date but the defendant failed to do so because of an alleged lack of funds. *Id.* The defendant informed neither the plaintiff nor the arbitrator before the payment deadline of its inability to pay costs. *Id.* at 1199. The arbitrator cancelled the arbitration and entered an order that the defendant was in default. *Id.* The plaintiff then moved to lift the stay of the litigation. *Id.* The district court granted plaintiff's unopposed motion to lift the stay of proceedings. *Id.* At a scheduled hearing, defendant then moved to refer the matter back

to arbitration. *Id.* The Ninth Circuit affirmed the district court's order denying the defendant's motion. *Id.*

The Court finds that it is premature at this time to lift the stay of federal proceedings. Here, unlike the arbitrator in *Sink*, the arbitrator has not entered an order that Clipper is in default. *Id.* Further, the arbitration panel has not yet held its hearing to address North Street's motion to dismiss the arbitration proceedings. *Compare Garcia v. Mason Contract Prods., LLC*, No. 08-23103, 2010 WL 3259922, at *3-5 (S.D. Fla. Aug. 18, 2010) (granting a motion to reopen the federal proceedings where the arbitrator had dismissed the arbitration proceedings and refused to reopen the case). Therefore, because the matter is still under consideration by the arbitrator, the Court declines to lift the stay of federal proceedings at this time.

**IV. CONCLUSION**

For the reasons stated, North Street's motion to lift stay is DENIED.

New Orleans, Louisiana, this 2nd day of September, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE